412 F.2d 859
 Helen WASILKO, Individually and as Executrix of the Estate of Edward G. Wasilko, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Helen WASILKO, Individually and as Administratrix of the Estate of Edward A. Wasilko, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 18720.
 No. 18721.
 United States Court of Appeals Sixth Circuit.
 August 13, 1969.
 
 Appeal from the United States District Court for the Northern District of Ohio; William K. Thomas, Judge.
 Theodore E. Wolcott, New York City, John M. Reardon, Cleveland, Ohio, on brief, for Wasilko.
 Michael C. Farrar, Department of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C., Bernard J. Stuplinski, U. S. Atty., Cleveland, Ohio, on brief, for United States.
 Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mrs. Helen Wasilko brought action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for wrongful death of her husband and ten year old son. The actions were filed by Mrs. Wasilko individually and as executrix of the will of her husband and administratrix of the estate of her son.
 
 
 2
 The husband piloted a small singleengine airplane in which the son was a passenger. The plane crashed shortly after takeoff from the Cleveland Hopkins Airport. The small plane took off immediately behind a Trans World Airline four-motor Super Constellation.
 
 
 3
 The District Court found that air traffic controllers were negligent in failing to warn the pilot, Mr. Wasilko, of severe air turbulance known as wingtip vortices after giving him clearance for take-off;[1] that the small plane penetrated the left vortex system of the trailing vortices shed by the TWA Super Constellation; and that this encounter directly and proximately caused the crash of the small plane and the death of the pilot and his son. The District Court further found that Mr. Wasilko, who was an experienced and skilled pilot, was guilty of contributory negligence which barred any recovery against the United States for his death.
 
 
 4
 With respect to the death of the son, the District Court held that the contributory negligence of the father could not be imputed to his son. Judgment was awarded under the Federal Torts Claims Act in favor of Mrs. Wasilko in the amount of $22,000 for the death of her son and $3,800 for a one-half interest in the airplane.
 
 
 5
 The comprehensive opinion and findings of fact of District Judge William K. Thomas are reported at 300 F.Supp. 573.
 
 
 6
 We conclude that the findings of fact of the District Judge are not clearly erroneous, Rule 52(a), Fed.R.Civ.P., and that his conclusions of law are correct.
 
 
 7
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 In Lightenburger v. United States, 298 F.Supp. 813, (D.C.Cal.), the Court described the phenomenon of wing tip vortices as follows:
 "There exists a phenomenon known as wing tip vortices. When a heavy aircraft flying at slow speed accelerates, the passage of the wings through the air causes a roll-up of the air mass at the tip of each wing. The air mass continues to swirl much in the same manner as a tornado, except that its position in the air is horizontal."